UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 3:13-cr-26-J-32-JRK

JOHNELL C. FORD

_____

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Johnell C. Ford (Johnell Ford), through his undersigned counsel,

offers the following in connection with the sentencing hearing scheduled for December

16, 2014.

## PROCEDURAL BACKGROUND

Johnell Ford is before the Court for sentencing, having pled guilty to the single

count of the Information (Document 1) filed in this case, without a plea agreement.  The

charge is perpetrating a hoax threat of exposure to a biological agent in violation of 18

U.S.C. § 1038(a)(1).

## FACTUAL BACKGROUND

During the summer of 2012, Johnell Ford participated in mailing two letters to

Florida Circuit Judge Ashley Moody at the Hillsborough County Courthouse.  The letters

arrived in an envelope bearing a return address labeled with Johnell Ford's name.  One

of the letters was signed Johnell Ford and "Terrorist Boys."  The envelope contained

white powder and both letters made reference to "antrax," and the second letter

demanded release and asserted Judge Moody would die soon.  (PSIR paragraphs 5 -

6).

Because of the reference to anthrax (although the term was misspelled) and the presence of white powder, authorities employed isolation procedures that closed down the courthouse in Tampa, as well as some surrounding streets.  HAZMAT personnel processed the scene.  (PSIR paragraphs 10 -13).  The powder turned out not to be anthrax.  (PSIR paragraph 6).

FBI personnel interviewed Johnell Ford post-Miranda, and he admitted to sending the letters.  He implicated a cellmate in the crime and said the cellmate was head of a group called the "Terrorist Boys."  Johnell Ford gave explanations for sending the letters that ranged from involvement with the Terrorist Boys to simply wanting to get out of the state prison system and into the federal system.  (PSIR paragraph 8).

## U.S.S.G.

Johnell Ford and the United States Probation Office agree that a base offense level of 12 is correct and that enhancements of four levels for specific offense characteristics and three for victim related adjustment apply.  Further, Johnell Ford and the USPO agree reduction of three levels for acceptance of responsibility is appropriate under the circumstances.  Likewise, Johnell Ford and the USPO agree that criminal history category V applies.  Thus, based on a total offense level of 16 and criminal history category V, the U.S.S.G. call for imprisonment range of 41 – 51 months.

## 18 U.S.C. § 3553(a) FACTORS

As the U.S.S.G. now are advisory rather than mandatory, the final step in sentencing, after calculating the guideline range is to consider the factors listed in 18 U.S.C. § 3553(a) and reach a reasonable sentence in light of them.  *United States v. McBride*, 511 F.3d 1293) 1297 (11th Cir. 2007).

Under this section, a sentence must take into account factors that include "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and be "sufficient, but not greater than necessary," to comply with:

the need for the sentence imposed--

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
**(B)** to afford adequate deterrence to criminal conduct;
**(C)** to protect the public from further crimes of the defendant; and
**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C.A. § 3553 (West)

The nature of Johnell Ford's crime was that it was purely a hoax. He had no means of obtaining anthrax, so for him sending anthrax was not possible. And when questioned about his motivation for sending the letters, he indicated he was hoping to be transferred to federal prison. As much as anything, this crime was a cry for help.

Johnell Ford is but 22 years of age. He was born in Tarpon Springs, Florida and spent his early years there. He never knew his father and is not even certain of his father's identity. His mother suffered from alcoholism and his great-grandmother raised him for the most part, although for a period of time Johnell Ford resided in Cordelle, Georgia with his mother. An adult male molested Johnell Ford during his childhood. (PSIR paragraphs 54 – 56).

It is testament to the difficulty of being brought up in this environment that Johnell Ford's two older brothers, ages 24 and 26, are serving sentences in the Florida prison system.  (PSIR paragraphs 57 – 58).

A series of psychological examinations, first for competency by Jason Demere, Ph.D. and then for sanity by Larry Neidigh, Ph.D. and Lisa Feldman, Ph.D. all indicated psychosis and all were consistent with Johnell Ford's difficult upbringing.  (Reports provided separately).

Despite all of Johnell Ford's challenges, he freely admitted his guilt when asked by agents, and he admitted it again in open court during his plea hearing.

## CONCLUSION

Johnell Ford repents his crimes and is determined to obey the law going forward. He prays the Court will impose a sentence below the guidelines, which would be in keeping with the § 3553 goals.

Respectfully submitted,


*s/ James Glober*
James Glober
Florida Bar No. 612359
Attorney for Defendant
2119 Riverside Avenue
Jacksonville, Florida 32204
Telephone:  (904) 633-9999
Fax:  (904) 398-0968
Email:  jglober@globerlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 9, 2014, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system, which will send a notice of

electronic filing to the following:

Mac Heavener, Esquire
Assistant United States Attorney
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
<u>Mac.Heavener@usdoj.gov</u>

*s/ James Glober*